UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE DAWLEY HARRISON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

CASE NO. 2:16-CV-01627-DWC

ORDER GRANTING MOTION TO SEAL

Currently pending before the Court is Plaintiff Michelle Dawley Harrison's Motion to File Under Seal Plaintiff's medical and vocation records. Dkt. 11, 12. Plaintiff requests permission to file evidence under seal in this action. *Id*. Defendant did not file a response to the Motion.

The administrative record in an action for benefits under the Social Security Act must be filed under seal. LCR 5.2(c). If a party is filing an excerpt of the record separately, the party may move to file the document under seal. *Id*. A motion to seal a document, must include: (1) a certification that the party has met and conferred with all other parties in an attempt to reach an agreement on the need to file the document under seal; the certification must include the date,

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

manner, and participants of the conference; and (2) a specific statement of the applicable legal standard and the reasons for keeping a document under seal. LCR 5(g)(3).

Here, Plaintiff seeks to file 144 pages of her medical and vocational records which were submitted to the Appeals Council, but not included in the administrative record. *See* Dkt. 11, 12. Plaintiff asserts she relies on this evidence in her opening brief and requests permission to file the documents under seal "to protect her privacy and in recognition of the Court's practice of filing the Social Security administrative record under seal." Dkt. 11. The documents Plaintiff seeks to file under seal are not part of the administrative record in this case; however, the documents contain the same type of sensitive information contained in the administrative record. Therefore, the Court grants the Motion. Plaintiff's medical and vocation records (Dkt. 12) will remain sealed.

The Court notes Plaintiff did not comply with Local Rules 5(g) and 5.2(c). She did not certify she met and conferred with Defendant in an attempt to reach an agreement regarding the need to file the documents under seal. *See* Dkt. 11. Plaintiff also did not include a specific statement of the applicable legal standard. *See id*. However, in the interest of judicial economy and because Defendant did not object, the Court will not require counsel to correct the deficiencies in the Motion. Counsel is directed to comply with the Local Rules in all future filings with this Court.

Dated this 7th day of March, 2017.

David W. Christel
United States Magistrate Judge